UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN BULTEMA,

        Plaintiff,

v.

BENZIE COUNTY, DEPUTY
MARK KETZ, THOMAS C. ANDERSON,
and CRYSTAL MOUNTAIN ENTERPRISES,
INC., a Michigan corporation d/b/a
CRYSTAL MOUNTAIN RESORT,

        Defendants.
_____/

Case No. 1:03-CV-56

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on four motions *in limine* filed by Defendants Crystal Mountain Enterprises, Inc. and Thomas Anderson: (1) Motion *in Limine* to Bar Testimony Regarding Defendant Anderson; (2) Motion *in Limine* to Disallow Evidence of Remedial Measures; (3) Motion *in Limine* to Bar Introduction of Employee Handbook; and (4) Motion *in Limine* to Prevent Plaintiff from Presenting Evidence Related to his Medical or Mental Condition.  Also pending is Plaintiff Brian Bultema's Motion *in Limine* to Bar Prior "Bad Acts" Evidence.  Oral argument is unnecessary.

**BACKGROUND**

This action was filed on or about January 21, 2003 alleging violation of 42 U.S.C. § 1983 and state law concerning an arrest and use of force occurring on or about January 10, 2001 in Benzie County, Michigan.  Plaintiff, with permission, filed a First Amended Complaint on January 8, 2004.  The First Amended Complaint is stated in nine counts.  Count I alleges that Benzie Count is liable under 42 U.S.C. § 1983 for Plaintiff's injuries arising from the arrest (a closed head injury, *et cetera*) which injuries allegedly arose from Benzie County's deliberately indifferent policies concerning false

arrest, false imprisonment, unlawful search, unlawful entry and the use of excessive force. (First Am. Compl. ¶¶ 30-32.) Count II alleges that Defendant Mark Ketz is liable under 42 U.S.C. § 1983 for the injuries arising from the constitutional violations alleged. Count III alleges that Defendant Ketz is liable for assault and battery.[1] Count IV alleges negligence against Defendant Crystal Mountain. Count V alleges gross negligence against Defendant Ketz. Count VI alleges false imprisonment against Defendant Ketz. Count VII alleges malicious prosecution against Defendant Ketz. Count VIII alleges negligence against Defendant Anderson. Count IX alleges respondent superior liability against Defendant Crystal Mountain based on the conduct of Anderson.

## LEGAL STANDARDS

Although the Federal Rules of Evidence do not explicitly authorize motions *in limine*, these motions are a recognized custom of the federal courts, implicit in courts' inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Such motions are useful devices for streamlining trials and avoiding jury prejudice. *See* Fed. R. Evid. 103(c).

Evidentiary rulings depend in large part on the trial court's assessment of relevance and prejudice. Under Federal Rule of Evidence 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

---

[1]It also alleges claims against Defendants Anderson and Crystal Mountain, although those claims have been dismissed by a stipulated Order of June 10, 2004. (Dkt. No. 139.) Likewise, all claims against Defendants Anderson and Crystal Mountain in Counts III, VI and VII were dismissed by said Order (though such Order did not affect claims against Defendant Ketz).

**LEGAL ANALYSIS**

**1. Testimony Regarding Defendant Anderson**

Defendants have cited portions of the depositions of Sherard Stariha and Brian Bultema and have requested that statements made by them in the depositions be excluded from evidence. In particular, Defendants request that the following statements be excluded from evidence: (1) Stariha's statement that Anderson was unpopular at work (Stariha Dep. 94); (2) Stariha's statement that Anderson was a "thug" or "bully" (*id.*); (3) Stariha's statement that Anderson tried to sell another man, Jerry Anderson, a firearm with a laser sight from the back of his workplace security vehicle (*id.* at 95); (4) Stariha's statement that Anderson was "playing get the drug dealer" (*id.* at 96); and, (5) Bultema's statement that Anderson, at night during work hours, would park across Bultema's driveway and flash Anderson's vehicle lights through Bultema's livingroom window. (Bultema Dep. 74.)

These statements implicate, generally, Federal Rule of Evidence 404, which generally excludes character evidence to prove conduct in conformity with the character proven and evidence of crimes, wrongs or acts to prove other conduct in conformity therewith. Of course, Rule 404(b) does contain exceptions, including when the evidence is used to prove motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident.

Notwithstanding Rule 404, evidence of bad conduct by an employee is generally relevant to proving negligent hiring, retention and supervision by the employer. *See Tschira v. Willingham,* 135 F.3d 1077, 1085 (6th Cir. 1998); *Darnell v. Fluor Daniel Corp.,* 1995 WL 675551, *2 (6th Cir. Nov. 8, 1995); *Scroggins v. Yellow Freight Sys., Inc.*, 98 F. Supp. 2d 928, 930 (E.D. Tenn. 2000). This rule is significant since negligent hiring, retention and supervision is alleged.

Given the law, several rulings follow.  The testimony that Defendant Anderson was unpopular at work is irrelevant and unduly prejudicial.  Therefore, such testimony will be excluded.  The testimony that Defendant Anderson was, in Stariha's opinion, a bully or thug is inadmissible as an unsubstantiated character opinion and unduly prejudicial.  Notwithstanding, testimony that Stariha witnessed acts of bullying by Anderson during his performance of security duties (or knew of it because of admissions of a party-opponent under Rule 801(d)(2)) will be permitted since it is highly relevant to the issue of whether Defendant Anderson was properly hired, retained and supervised by Defendant Crystal Mountain.

Likewise, Stariha's testimony about the work place gun offer will be admitted because it appears to be based on Stariha's direct observations and because it is relevant to whether the employer was negligent in retaining and supervising Anderson.  Stariha's unsubstantiated opinion that Anderson was "playing catch the drug dealer" will not be permitted, *see* Rule 701, but the Court will admit testimony (should there be any) that Stariha heard admissions from Anderson about either his knowledge of Plaintiff's criminal record or bond status or otherwise heard admissions indicating some personal motive by Anderson (other than lawful security) for his pursuit of Plaintiff.  The Court will also admit testimony from Stariha (should there be any) that Stariha personally observed Anderson investigating crimes while a security guard under circumstances in which the investigation did not contribute toward the security of the employer's grounds and patrons.  Plaintiff's testimony about the driveway incident will be permitted because it tends to show that Anderson harbored an illicit motive against Plaintiff and Defendant Crystal Mountain did not properly supervise his work.

### 2. Subsequent Remedial Measures

Defendants request that Plaintiff be prevented from eliciting testimony from witnesses to the effect that Defendant Anderson was terminated by Defendant Crystal Mountain following the incident giving rise to Plaintiff's injuries. Rule 407, as the parties acknowledge, does prevent the use of "subsequent remedial measures" to prove fault. This rule has been extended by case law to terminations of problem employees. *See Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 586-87 (10th Cir. 1987); *Maddox v. City of Los Angeles,* 792 F.2d 1408, 1417 (9th Cir. 1986); *Wanke v. Lynn's Transp. Co.*, 836 F. Supp. 587, 595 (N.D. Ind. 1993); *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284-85 (N.D. Ill. 1997).

Plaintiff, however, has argued that the testimony nevertheless should be admissible to prove control and for impeachment, which are permitted uses under Rule 407. Plaintiff's argument is not persuasive, though. Control is not a disputed issue and does not justify admission on this record. *See Hull, supra*. In terms of impeachment, Plaintiff's notion is that there is a contradiction between the employer's testimony about the discharge (Anderson was made to resign due to the incident) and the employee's testimony (he resigned due to job dissatisfaction). However, both explanations may be, and most likely are, true such that impeachment does not justify an exception to Rule 407. Furthermore, use of the firing testimony to contradict Defendants' testimony as to the incidents giving rise to the injury would directly run afoul of the purpose of Rule 407. Therefore, Defendants' Motion *in Limine* will be granted.

### 3. Employee Handbook Evidence

Defendants request that all evidence concerning its employee handbook be barred because of Michigan case law which provides that a private company's internal rules are not admissible because

they do not provide the relevant legal standards for negligence and liability (which are determined by the law and community standards for care). *McKernan v. Detroit C.S.R. Co.*, 101 N.W. 812 (Mich. 1904); *Dixon v. Grand Trunk W.R. Co.*, 118 N.W. 946, 947-48 (Mich. 1908); *Wilson v. W. A. Foote Mem. Hosp.*, 284 N.W.2d 126, 129 (Mich. Ct. App. 1979); *Gallagher v. Detroit-Macomb Hosp. Ass'n*, 431 N.W.2d 90, 92-93 (Mich. Ct. App. 1988).  Plaintiff has not offered any theory supporting the admission of the handbook evidence.  Therefore, the Motion *in Limine* will be granted.  In doing so, though, the Court certainly does not preclude Plaintiff from offering testimony, including expert testimony, about professional standards for security officers, which standards may be the same as some of the requirements of Defendants' handbook (though the handbook should not be referenced).

### 4.  Testimony Regarding Mental Functioning

Defendants' Motion seeks to preclude Plaintiff from testifying about the impact of the closed-head injury regarding his present cognitive skills and abilities (for the purpose of proving damages). Defendants argue that this is necessary to prevent manifest unfairness on the damages issue because Plaintiff's damage testimony is exaggerated given the fact that he has a history of drug and alcohol abuse which, according to defense experts, has affected his cognition.  Defendants do not believe that they can fairly inquire into the substance abuse issue because certain medical records are privileged under Michigan law and cannot be reviewed by them.

Notwithstanding, the Court does not believe that the drastic sanction demanded by Defendants is necessary and, indeed, if granted it would work manifest injustice upon Plaintiff.  Defendants may still inquire of Plaintiff and others familiar with his history of substance abuse concerning that history; they may still obtain expert opinions based upon the history of substance abuse; and they may still seek to undermine Plaintiff's claims for damages on this basis.  Indeed, it appears they already have

acquired much of this information and are prepared to present it at trial.  As such, the relief sought is unnecessary and would unduly prejudice Plaintiff.  Therefore, the Motion is denied.

### 5.  Plaintiff's Rule 404(b) Motion

Plaintiff has filed his own Rule 404(b) Motion requesting that the following evidence be barred: (1) a 1987 domestic assault misdemeanor conviction; (2) a 1990 misdemeanor conviction for driving under the influence of alcohol; (3) a 1999 misdemeanor marijuana possession conviction; (4) a 1999 domestic assault incident; (5) a 2000 felony marijuana delivery conviction; (6) a past incident regarding pushing a police officer; and (7) a 2003 parole violation conviction.

As indicated above, Rule 404(b) generally precludes evidence of this type.  That is, Defendants may not offer evidence of past drinking or drug use or assaults to prove that Plaintiff was abusing substances and was assaultive on the night in question.  The fact of past substance abuse (without the prejudicial baggage of convictions) will also be presented in the context of Plaintiff's medical history, making reference to his criminal record cumulative and unnecessary.  However, one exception must be made pursuant to Rule 609.  Because the Rule permits the use of a felony conviction within the last 10 years for the purpose of impeachment, Plaintiff's 2000 felony marijuana delivery conviction may be properly used for impeachment under Rule 609(a)(1) should he testify.  For these reasons, the Motion will be granted with the one exception noted.

### CONCLUSION

An Order shall enter resolving the Motions as set forth in the Court's Opinion.


/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
    December 2, 2005                 SENIOR UNITED STATES DISTRICT JUDGE